IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| IN THE MATTER OF THE | ) | |
| TERMINATION OF | ) | No.  35511-0-III |
| | ) | (Consolidated with |
| J.N.S., | ) | No. 35512-8-III) |
| | ) | |
| Minor child under the age of eighteen. | ) | |
| | ) | |
| _____ | ) | |
| | ) | UNPUBLISHED OPINION |
| IN THE MATTER OF THE | ) | |
| TERMINATION OF | ) | |
| | ) | |
| T.O., | ) | |
| | ) | |
| Minor child under the age of eighteen. | ) | |

KORSMO, J. — A father appeals from orders terminating his parental relationship

with his daughter and son, arguing that not all necessary services were provided to him

and that it was not in the best interests of the children to end their relationship.  We affirm.

FACTS

Carl Coshow is the biological father of T.O. (D.O.B. October 15, 2007) and J.N.S.

(D.O.B. January 22, 2009), and was the primary caregiver of both children.[1]  The

_____

[1] The children have different mothers, neither of whom were participating in the children's lives.

No. 35511-0-III (Consolidated with 35512-8-III)
*In re J.N.S.; In re T.O.*

Department of Social and Health Services (DSHS) filed dependency petitions regarding

T.O. and J.N.S. on January 8, 2015, after Coshow was arrested for assault of a child in

the third degree for striking T.O. with sufficient force to leave bruising around her eye

and nose.[2]

DSHS filed dependency petitions regarding T.O. and J.N.S. on January 8, 2015.

Coshow agreed to dependency in March 2015. Coshow's parental deficiencies were

determined to be (1) lack of parenting skills as evinced by continued abuse, (2) mental

illness, and (3) continued use of marijuana in conjunction with a history of substance

abuse. The order of disposition on dependency required Coshow to undergo alcohol/drug

and psychological evaluations and successfully complete recommended treatments, as

well as participate in parenting education. The active social worker, Alicia Tonasket, met

with Coshow on multiple occasions and explained the service plan to him. Coshow

understood the service plan at these meetings, repeating back the services as explained to

him. At times Coshow would call back after a day or two to propose an alternative.

DSHS offered approved evidence-based parenting education. Coshow refused to

complete either of the two recommended programs and indicated that he did not need

---

[2] Coshow pleaded guilty to an assault charge and agreed to have no other criminal violations and abide by a year-long no contact order with T.O. The criminal court dismissed the conviction after Coshow completed his conditions of the sentence.

2

further parenting education. Coshow did participate in the Nurtured Heart program, but DSHS found the program unacceptable because it was not evidence-based.

DSHS referred Coshow to Okanogan Behavioral Healthcare (OBH) for the drug evaluation. He began a chemical dependency evaluation on July 20, 2016. However, Coshow failed to complete the evaluation when he refused to provide an observed urinalysis (UA). Coshow expressed some concern about providing a sample because another male would be in the room. His appointment was rescheduled to August 8, 2016 in hopes that Coshow would change his mind about the UA. Coshow did not show for the appointment or ever receive an evaluation. Coshow asked about an alternative to a UA, but, after being told he would have to pay for the blood draw and was not guaranteed to be reimbursed for it, he never followed through.

DSHS referred Coshow to Dr. Catherine MacLennan for the psychological evaluation; it was completed on May 20, 2015. The purpose of the evaluation was to determine a diagnosis, the impact of Coshow's mental health on the safety of the children, his strengths and weaknesses with respect to ability to parent, prognosis as it relates to his ability to meet the children's needs over time, and a recommendation as to the permanent plan. Dr. MacLennan's testing indicated Coshow had no cognitive or neurocognitive limitations that prevent him from understanding or learning from programs such as cognitive behavioral therapy, parenting courses that involve reading/writing, psychoeducational treatment programs, and substance abuse interventions. The testing led

3

Dr. MacLennan to diagnose a personality disorder with schizotypal and antisocial traits. Coshow also was found to be cannabis dependent.

Dr. MacLennan recommended that Coshow participate in a substance abuse evaluation and abstain from cannabis and other mind-altering substance use for at least six months; undergo mental health treatment and psychiatric consultation; and work with a mental health therapist regarding attachment disorders, if willing. She also recommended that any visitation be supervised and that Coshow should refrain from sharing his delusions with the children during visits. Dr. MacLennan did not go over her evaluation with Coshow, but referred him to his social worker for the results.

Ms. Tonasket discussed the recommendations from Dr. MacLennan, but Coshow refused to participate in any of the recommended services. Ms. Tonasket explained to Coshow how to obtain access to services with his current health insurance. At some point, Coshow moved to East Wenatchee, and Ms. Tonasket provided him with a list of mental health providers that would accept his insurance, but she was unable to confirm if he ever sought treatment. At the termination hearing, Coshow admitted he did not complete an evaluation in the Wenatchee area. Additionally, Dr. MacLennan testified that Coshow had talked to the children about psychic powers during visitation, contrary to her recommendation.

4

At the recommendation of his attorney, Coshow completed a mental health evaluation with Kathryn Olson in 2016. Ms. Olson also diagnosed Coshow with schizophrenia. She did not recommend treatment because Coshow was unlikely to benefit from it since he stated he had no need of services and was only there to satisfy his lawyer and Child Protective Services. Ms. Olson believed Coshow would benefit from treatment and she was willing to provide services to him.

Although the initial permanent plan sought reunification with both children, it was changed to adoption in January 2017. The case proceeded to a hearing on June 21, 2017. Coshow testified that he understood the service plan. Coshow indicated he did not need mental health treatment during the dependency or at the time of the hearing. Coshow admitted that he did not complete a substance abuse evaluation and to current marijuana use. Coshow testified he did not need services other than parenting education. Coshow indicated the only benefit of parenting education would be to "appease the State." While Coshow recalled participating in both the psychological evaluation and mental health evaluation, he denied knowledge of a diagnosis for schizophrenia. He did not agree with the diagnosis and did not believe he suffered from mental illness. Coshow testified that he would not take medication for mental illness other than marijuana. He testified that he would only do mental health treatment if required by the court.

Coshow testified that he and his children are psychic. Coshow discussed these psychic abilities with T.O. and J.N.S., and played games for "exercising energy and

5

psychic intelligence." Coshow testified that he felt it appropriate to discuss and play these games during visitation. He did not agree with the restrictions on discussing these matters with the children during visitation.

The guardian ad litem testified in favor of termination as to T.O. As to J.N.S., the guardian believed Coshow was currently incapable of parenting, but testified he favored some form of guardianship. The guardian was unclear whether a potential guardian was available for J.N.S.

The trial court determined that all six factors of RCW 13.34.180 had been proved by clear, cogent, and convincing evidence and terminated Coshow's rights as to both children.

Coshow appealed to this court. A panel considered the matter without oral argument.

## ANALYSIS

Coshow contends that the evidence does not support the determination that all reasonable available services were offered or provided.[3]

---

[3] Coshow also conditionally assigns error to the findings that there was little likelihood that the conditions could be remedied in the near future and that termination was in the best interest of the children. We need not address these because his first issue fails.

No. 35511-0-III (Consolidated with 35512-8-III)
*In re J.N.S.; In re T.O.*


*Services Offered*

The parties debate whether appropriately tailored services were made available to

Coshow. We agree with the trial court's assessment that they were.

In order to terminate the parent-child relationship, the State first must establish the

six elements of RCW 13.34.180(1).[4] The trial court then must find by clear, cogent, and

convincing evidence that the parent is currently unfit. *In re Welfare of A.B.*, 168 Wn.2d

908, 918-919, 232 P.3d 1104 (2010). "'Clear, cogent, and convincing' means highly

probable." *In re Welfare of M.R.H.*, 145 Wn. App. 10, 24, 188 P.3d 510 (2008). The

trial court's findings are entitled to great deference on review and those findings will be

upheld when supported by substantial evidence. *In re Dependency of K.S.C.*, 137 Wn.2d

918, 925, 976 P.2d 113 (1999). Substantial evidence is that sufficient to persuade a fair-

minded, rational person of the truth of the evidence. *World Wide Video, Inc. v. City of

Tukwila*, 117 Wn.2d 382, 387, 816 P.2d 18 (1991).

The fourth statutory factor is the one at issue in this appeal:

> That the services ordered under RCW 13.34.136 have been expressly and
> understandably offered or provided and all necessary services, reasonably

---

[4] The State must present evidence establishing that (1) the child has been found to be dependent, (2) the court has entered a dispositional order, (3) the child has been removed from the custody of the parent for at least six months, (4) all the necessary services have been afforded to the parent to correct the parental deficiencies, (5) there is little likelihood of remedying the parental deficiencies, and (6) continuation of the parent-child relationship clearly diminishes the child's prospects of permanent placement. RCW 13.34.180(1).

7

> available, capable of correcting the parental deficiencies within the foreseeable future have been expressly and understandably offered or provided.

RCW 13.34.180(1)(d). It is the State's burden to establish this factor, as with all six of the § 180 factors, by clear, cogent, and convincing evidence. RCW 13.34.190(1)(a)(i). When a parent has unique needs, DSHS must offer services tailored to meet those unique needs. *In re Hall*, 99 Wn.2d 842, 850, 644 P.2d 1245 (1983); *In re Dependency of D.A.*, 124 Wn. App. 644, 651, 102 P.3d 847 (2004). DSHS, "however, is not required to offer services when a parent is unable to benefit from the services." *In re Welfare of S.J.*, 162 Wn. App. 873, 881, 256 P.3d 470 (2011). Further, "even where the State inexcusably fails to offer a service to a willing parent . . . termination is appropriate if the service would not have remedied the parent's deficiencies in the foreseeable future." *In re Dependency of T.R.*, 108 Wn. App. 149, 164, 29 P.3d 1275 (2001).

"While the State need not provide corrective services to a parent if those services would be futile, services are not futile just because they are not guaranteed to succeed." *In re Parental Rights to B.P.*, 186 Wn.2d 292, 322, 376 P.3d 350 (2016). The provision of services is futile where a parent is unwilling or unable to participate in a reasonably available service that has been offered or provided. *In re Parental Rights to K.M.M.*, 186 Wn.2d 466, 483, 379 P.3d 75 (2016); *see also In re Dependency of Ramquist*, 52 Wn. App. 854, 861, 765 P.2d 30 (1988); *In re Welfare of Aschauer*, 93 Wn.2d 689, 699 n.6,

8

611 P.2d 1245 (1980). "Where there is any reasonable possibility of success, the services must be provided." *B.P.*, 186 Wn.2d at 322.

Coshow claims here that several necessary services were not provided. However, the record reflects that all *necessary* services were, in fact, provided. RCW 13.34.180(1)(d) only applies to services ordered by the trial court in the dependency action. RCW 13.34.136. Coshow was offered services for a drug and alcohol evaluation, parenting education, and a psychological evaluation. He remained in regular contact with the social worker and selectively chose to participate in some of the services offered. Both Coshow and the social worker's testimony at the termination hearing indicated that Coshow understood what was required of him and what services were being offered to him. He completed the psychological evaluation and discussed Dr. MacLennan's recommendations with the social worker. Coshow testified that he did not need any of the mental health services that were recommended for him. The social worker went over his options if he chose to follow Dr. MacLennan's recommendations, but Coshow was not interested and refused to comply. DSHS sufficiently offered mental health services to Coshow. Additionally, the record indicates that additional offerings of mental health services would likely have been futile as Coshow repeatedly denied having any mental health issues and refused to take any medication other than marijuana.

The drug evaluation service was clearly ordered, offered, and provided, but it was not completed because Coshow failed to provide a UA and never pursued an alternative

test. Coshow also testified multiple times at the termination hearing that he was not going to stop self-medicating with marijuana. The offering of an alternative to the UA would likely have been futile because there was no likelihood that Coshow would ever give up his marijuana use.

DSHS offered all court-directed services in the appropriate manner. Coshow declined to participate in several of them and only occasionally participated in other services. Clear, cogent, and convincing evidence supports the trial court's determination that all ordered services were provided.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, A.C.J.